## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

USDC - GREENBELT
'25 SEP 19 PM 1:44

|  |  |  |
|---|---|---|
| ROBERT EARL BARNES, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No.:  23-cv-0392-LKG |
| v. | ) | |
| | ) | Dated: September 18, 2025 |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### MEMORANDUM OPINION

Robert Earl Barnes, Jr. brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, collaterally attacking his 2017 state conviction for second degree assault. ECF No. 1. Respondent contends that Barnes's claims are without merit. ECF No. 9. The Petition is ready for resolution and no hearing is necessary. *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Court denies the Petition and declines to issue a certificate of appealability.

### I.    Background

#### A. The Crime

According to the statement of probable cause filed in the District Court of Maryland for Prince George's County, Maryland, on June 18, 2016, Officer McCrimmon of the Capitol Heights Police Department responded to a residence in Capital Heights, Maryland for a domestic violence call. ECF No. 9-1 at 16. When he arrived, McCrimmon saw Barnes choking the victim and pin her down. *Id*. McCrimmon identified himself as a police officer and directed Barnes to get off of the victim and let her go but Barnes ignored the order and continued to choke and pin her down *Id*. McCrimmon grabbed Barnes by his left arm, pulling him off of the victim, and placing him under arrest. *Id*. The victim was badly beaten and injured in the throat, face, arms and hands. *Id*. She was taken to the hospital by ambulance. *Id*. McCrimmon searched Barnes incident to his arrest and found baggies of marijuana in Barnes's pant pocket which totaled 11.4 grams. *Id*.

B. **Trial Court Proceedings**

That same day, McCrimmon filed a statement of charges in the District Court of Maryland charging Barnes with first degree assault and possession of marijuana with intent to distribute. *Id*. at 14-16. The case was ultimately forwarded to the Circuit Court for Prince George's County and on September 27, 2016, a four-count indictment was filed charging Barnes with first degree assault, two counts of second degree assault, and possession of marijuana. *Id*. at 17-18.

Barnes pleaded guilty to one count of second degree assault on May 30, 2017. *Id*. at 7-8. A nolle prosequi was entered as to the other three charges. *Id*. at 6-7. On July 27, 2017, Barnes was sentenced to 10 years' incarceration. *Id*. at 6. Barnes did not seek leave to appeal. ECF 1 at 2.

On August 2, 2017, Barnes, acting pro se, filed a Motion for Reconsideration of his Sentence pursuant to Md. Rule 4-345(e). ECF No. 9-1 at 19-20. He also filed a counselled Motion for Modification of Sentence. *Id*. at 24-25. The motions were denied on August 14 and 24, 2017, respectively. *Id*. at 21, 26.

Barnes filed an application for review of his sentence by a three judge panel on August 21, 2017 (*id*. at 22-23), but there is no indication that the application was ever ruled on.

E.    **The Federal Petition**

Barnes filed his federal petition on February 10, 2023, using forms for filing a Motion to Vacate, Set Aside or Correct Sentence. ECF No. 1 at 1. The Court advised Barnes that it would construe his filing as petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 unless he objected. ECF No. 3. Barnes responded that he did not object to the characterization of his filing. ECF No. 4.

Four claims are before the Court: whether (1) Barnes was improperly denied home detention; (2) Barnes' good conduct credits were improperly revoked; (3) money was improperly removed from Barnes' personal inmate account; and (4) Barnes' rights under the Americans with Disabilities Act were violated. ECF No. 1 at 3-5.

II.    **STANDARD OF REVIEW**

This Court may grant a petition for a writ of habeas corpus solely to reach violations of the United States Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018) *see Wilson v. Corcoran*, 562 U.S. 1, 1 (2010); *Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Absent violation of a constitutional right or federal law, a federal habeas petitioner fails to

state a cognizable claim for relief. *Wilson*, 562 U.S. at 1(holding courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 267, 239–40 (4th Cir. 1995) (holding that where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim).

## III. ANALYSIS

### A.    Cognizability

Barnes' first, third, and fourth claims must be dismissed as they are not cognizable on federal habeas review.

In his first claim, Barnes asserts that his prison case manager advised him that it was possible he could obtain early release to home detention and presented him a plan. ECF 1 at 3-4.  Additionally unnamed people from the Prince George's County Circuit Court approved his father's residence as safe. *Id*. at 3-4.  However something, not identified by Barnes, prevented him from being permitted home detention.  *Id*. at 3.  Nevertheless, he received paperwork regarding home detention. *Id*. at 3. This claim is not cognizable because Barnes does not have a right to home detention and he does not allege that the failure to provide him home detention violated a federal law or right.  As such, this claim is dismissed.

Barnes' third claim, that money was stolen from his personal inmate account is also not cognizable because it does not attack the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  Because Barnes fails to state a federal habeas claim as to this allegation, the claim must also be dismissed.

Barnes' fourth claim, that his rights under the Americans with Disabilities Act were violated, fairs no better. Barnes asserts that he has been "labeled 'paranoid schizophrenic,' anti-social, schizo affective (?) [sic]."  ECF 1 at 5.  He asserts that he has been in a number of psychiatric hospitals in Virginia since 2001 and his mental health has not improved in disciplinary segregation. *Id*. He claims that on occasion the prison has not given him meals or provided him with telephone privileges or outside recreation.  *Id*.

Like the first and third claim, this claim is not cognizable.  This claim does not attack the "fact or duration of his confinement" but rather is a complaint about the conditions of his confinement. The United States Court of Appeals for the Fourth Circuit has not issued a binding, precedential opinion on whether conditions of confinement claims may be raised in the context of a habeas petition.  *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (2019) (noting the Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have determined that conditions of confinement claims must be brought only as a civil rights action, while the D.C., Second, and First Circuits

recognize them in habeas petitions). However, in *Wilborn*, an unpublished opinion, the Fourth Circuit held that challenges to the conditions of confinement cannot be brought as a habeas petition and noted that habeas corpus is "primarily a vehicle for attack by a confined person on the legality of his custody and [that] the traditional remedial scope of the writ has been to secure absolute release— either immediate or conditional—from that custody." *Id*. at 163 (quoting *Lee v. Winston*, 717 F.2d 888, 892 (1983)). In other unpublished decisions, the Fourth Circuit has held that conditions of confinement claims are not cognizable in habeas proceedings. *See also Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017) (Conditions claims not cognizable in habeas proceedings); *Braddy v. Wilson*, 580 F. App'x 172, 173(4th Cir. 2014) (same). Because Barnes' fourth claim asserts only complaints regarding the conditions of his confinement it must be dismissed as not cognizable.

B.    **Exhaustion**

Barnes' second claim concerns the revocation of good conduct credits. Barnes claims that he has been charged with a number of "false tickets" and unidentified prison officials stole his good conduct credits. ECF 1 at 4. This claim must be dismissed because Barnes has failed to exhaust state court remedies.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser*, 411 U.S. at 491, *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) ("the exhaustion requirement demands that the . . . ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.").

Maryland inmates can earn diminution credits to reduce the duration of their confinement. *Stouffer v. Holbrook*, 417 Md. 165, 170-71 (2010). "If an inmate violates the applicable rules of discipline, the Division [of Correction] may revoke a portion or all of the diminution credits awarded" for good conduct. Md. Code Ann., Corr. Serv. § 3-709. Where an inmate has a grievance against an official or employee of the Division of Correction they may submit a grievance with the Inmate Grievance Office ("IGO"). Md. Code Ann., Corr. Serv. § 10-206. If however, the Division of Correction "has a grievance procedure applicable to the particular grievance" then the IGO "may require that the procedure be exhausted before submission of a complaint to the [IGO]." *Id*., §10-206(b).

If a prisoner is found guilty of a rule violation, the prisoner is entitled to appeal the hearing officer's guilty decision or sanction to the warden of the facility where he or she is incarcerated. COMAR 12.03.01.30(A)(1), (2). If the prisoner does not file a written appeal with the warden within fifteen days of receipt of the hearing officer's decision, he or she is considered to have waived the

4

right to appeal. COMAR 12.03.01.30(A)(3). If the warden affirms the hearing officer's guilty finding or sanction, the prisoner may then appeal to the IGO. COMAR 12.03.01.30(C); *see also* COMAR 12.07.01.05 and 12.07.01.08. When filing this appeal with the IGO, the prisoner is required to include a copy of the initial notice of inmate rule violation, the hearing record, the appeal to the warden, and the warden's response to the appeal. COMAR 12.07.01.04(B)(9)(b).

A complaint submitted to the IGO undergoes preliminary review and if not found wholly lacking in merit the IGO must refer the complaint to the Office of Administrative Hearings who then must hold a hearing on the complaint. Md. Code Ann., Corr. Serv. §10-207(c). A complainant is entitled to judicial review in the circuit court of the county where he is confined of the final decision made by the IGO or Office of Administrative Hearings. *Id.*, 10-210(b). If the complainant disagrees with the decision of the circuit court, they may file an application for leave to appeal in the Appellate Court of Maryland. *Id.*, §10-210(c)(2).

Review of the Maryland Judiciary Case Search[1] demonstrates that Barnes has not filed any cases in the Maryland circuit courts or appellate courts seeking judicial review of an inmate grievance regarding his good conduct credits. Accordingly, Barnes has failed to exhaust his state court remedies as to this claim and it must be dismissed.[2]

## V.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2); *Buck*, 580 U.S. at 115; *Slack v.*

---

[1] https://casesearch.courts.state.md.us/casesearch/ (last visited Sept. 17, 2025).

[2] Additionally, Barnes is advised that sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

*McDaniel*, 529 U.S. 473, 483–84 (2000).  When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115. (citation omitted).  When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

   Barnes has not made the requisite showing.  Accordingly, the Court declines to issue a certificate of appealability. Barnes may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

   For the foregoing reasons, the Petition is denied.  A separate Order follows.

Sept 18, 2025
Date

LYDIA KAY GRIGGSBY
United States District Judge